# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA AGUILAR,<br><br>               Plaintiff,<br><br>     v.<br><br>MCKESSON CORPORATION; BAYER HEALTHCARE PHARMACEUTICALS, INC.; BAYER PHARMA AG; AND, BAYER OY,<br><br>               Defendants. | Case No. 1:16-CV-00308-LJO-SKO<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND.<br><br>(ECF No. 9) |

Defendant Bayer Healthcare Pharmaceuticals, Inc. ("Bayer") removed this case from state court based on diversity jurisdiction. Pending before the Court is Plaintiff Maria Aguilar's ("Plaintiff") Motion to Remand, filed April 6, 2016 (ECF No. 9). Bayer filed its Opposition on April 21, 2016 (ECF No. 10), and Plaintiff filed a Reply on April 27, 2016 (ECF No. 13). The Court deems the matter appropriate for resolution without oral argument. *See* E.D. Cal. Civ. L.R. 230(g). Having considered the record in this case, the parties' briefing, and the relevant law, the Court will grant Plaintiff's motion for the following reasons.

## BACKGROUND

This suit is a product liability case stemming from Plaintiff's use of the intrauterine contraceptive device known as "Mirena." *See, generally,* Complaint ("Compl."), ECF No. 1-2.  On

December 17, 2015, Plaintiff filed a Complaint for Damages and Request for Jury Trial in the Superior Court of the State of California for the County of Tulare. *See id*. In particular, she alleges that her Mirena use, placed by her doctor Dr. Martha Monica Rivera of Family HealthCare Network, caused her to develop pseudotumor cerebri, also known as idiopathic intracranial hypertension ("PTC/IIC"). *See, generally,* Compl., ECF No. 1-2. Plaintiff asserts nine causes of action against Bayer, Bayer AG, Bayer OY (together, "the Bayer Defendants"), and McKesson for: (1) negligence; (2) strict liability for design defect; (3) strict liability for failure to warn; (4) breach of express warranty; (5) breach of implied warranty; (6) negligent misrepresentation; (7) fraudulent misrepresentation; (8) fraud by suppression and concealment; and (9) punitive damages. *See id*.

Plaintiff alleges that the Bayer Defendants and McKesson were negligent in the manufacture, marketing, and sale of Mirena. *See id.* at ¶¶ 166-186. Plaintiff alleges that McKesson is currently the largest distributor of pharmaceuticals in the nation and is also involved in several levels of marketing, advertising, and promoting products for its drug-manufacturing clients. *See id* at ¶¶ 24, 28, 35. Specifically, Plaintiff alleges that McKesson marketed, distributed, promoted, sold, manufactured, designed, developed, licensed, formulated, tested, packaged, labeled, produced, created, made, constructed, assembled, and advertised Mirena. *See id.* at ¶¶ 28, 164, 171, 179, 191-92, 200, 213, 234, 238, 249, 278, 306. Plaintiff alleges that at all times relevant to this case, McKesson packaged, marketed, distributed, promoted, and sold Mirena in California, including Tulare County. *See id*. at ¶ 24. She further alleges McKesson supplied the Mirena that Plaintiff used which subsequently caused her injuries and damages. *See id.* at ¶ 26.

It is undisputed that Defendant Bayer is a Delaware corporation with its principal place of business in New Jersey; Bayer Pharma AG is a global pharmaceutical corporation organized under the laws of Germany; Bayer Oy is a corporation organized under the laws of Finland; McKesson is a Delaware Corporation with its principal place of business in San Francisco, California; and, Plaintiff is a citizen of Tulare County, California. *See* ECF No. 1 at ¶¶ 9-12; Complaint at ¶¶ 1, 5.

On the basis of diversity jurisdiction, Defendant Bayer timely removed this case on March 4, 2016, within 30 days of February 3, 2016, the date that Plaintiff served the summons and Complaint upon Bayer. *See* Notice of Removal, ECF No. 1-3 at ¶ 3.

**LEGAL STANDARD**

Civil actions not involving a federal question are removable to a federal district court only if there is diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). Section 1332 requires that there be complete diversity; that is, each plaintiff's citizenship must be diverse as to each defendant's citizenship. *Id.* A defendant may remove a civil action that alleges claims against a non-diverse defendant when the plaintiff has no basis for suing that defendant, or in other words, when that defendant has been fraudulently joined. *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir.1987).

On a motion to remand, the removing defendant faces a strong presumption against removal, and that party bears the burden of establishing that removal was proper by a preponderance of evidence. *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 403-404 (9th Cir. 1996); *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir. 1992). A case removed from state court should be remanded if it appears that the case was removed improvidently or without jurisdiction. *See* 28 U.S.C. § 1447(c). Federal jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus,* 980 F.2d at 566.

For example, where a non-diverse defendant has been "fraudulently joined" to an otherwise completely diverse case, that defendant's citizenship is disregarded for diversity jurisdiction purposes. *See, e.g., United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (citing *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001); *McCabe,* 811 F.2d at 1339). However, there is a "general presumption against fraudulent joinder." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (citation omitted). "A defendant is fraudulently joined when [a] 'plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Kwasniewski v. Sanofi-Aventis U.S., LLC*, ––– Fed. Appx. –––, No. 13-17390, 2016 WL 722952, at *1 (9th Cir. Feb. 24, 2016) (quoting *McCabe,* 811 F.2d at 1339); *see also Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) ("[A] non-diverse defendant is deemed fraudulently joined if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (citing

*Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). In determining whether a non-diverse defendant has been improperly joined, courts may look beyond the pleadings and examine the factual record. *McCabe,* 811 F.2d at 1339. "Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

## DISCUSSION

The parties do not dispute that the amount-in-controversy requirement is satisfied and that the citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction. *See, generally,* ECF No. 9; *see also* ECF No. 1 at ¶¶ 13, 22-24. Rather, Defendant Bayer argues that McKesson was fraudulently joined to this action, therefore, its citizenship does not affect diversity. Bayer concedes that McKesson distributes and sells Mirena, *see* ECF No. 1-3 at ¶ 17, but claims via a declaration[1] that McKesson did not manufacture, distribute, market, or promote the particular unit that injured Plaintiff. *See* ECF No. 1-7; ECF No. 1-3 at ¶ 20. Defendants emphasize that to counter Harrop's declaration Plaintiff merely relies on allegations made on her information and belief, which Defendants argue is insufficient to survive its opposition to remand.

The parties dispute whether Defendant McKesson was fraudulently joined, and whether its California citizenship defeats removal under 28 U.S.C. § 1441(b)(2) (providing that a case may not be removed solely on the basis of diversity jurisdiction if any defendant "is a citizen of the State in which such action is brought").

Central to the parties' dispute is whether McKesson played a role in the distribution chain that supplied Plaintiff's care provider with her Mirena. Bayer relies on three cases where discovery revealed that McKesson did not distribute the product about which the plaintiff complained, and where for that reason the respective courts denied the plaintiff's motions to remand. *See Tucker v. McKesson Corp.*, Case No. C10-2981 SBA, 2011 WL 4345166, at *3 (N.D. Cal. Sept. 14, 2011)

---

[1] Brett Harrop, VPDO, Regional Sales & Operations, Western Division, at McKesson, declares that "McKesson does not now distribute, nor has it ever distributed, Mirena to Dr. Martha Monica Rivera of Family HealthCare Network, 400 E. Oak Ave., Visalia, California, 93291, as identified by Plaintiff's counsel as the healthcare provider who placed Plaintiff's Mirena and the facility where her Mirena was placed." Decl. of Brett Harrop ("Harrop Decl."), ECF No. 1-7 at ¶ 3. Moreover, "McKesson does not now market, promote, manufacture, design, develop, license, formulate, test, package, label, produce, create, make, construct, assemble, or advertise Mirena." *Id.* at ¶ 4.

4

(finding fraudulent joinder where plaintiff "admits that further discovery has shown that 'McKesson did not distribute morphine to [decedent's] pharmacy'"); *Aronis v. Merck & Co.*, No. CIV. S-05-0486WBSDAD, 2005 WL 5518485, at *1 (E.D. Cal. May 3, 2005) (finding that plaintiff made no allegation that McKesson "ever handled the specific pills that were allegedly the cause of her injuries," thus concluding that McKesson had been fraudulently joined); *see also Martinez v. McKesson Corp.*, No. 37-2015-00028477-CU-MT-CTL (Cal. Sup. Ct. Aug. 21, 2015) (finding defendant was fraudulently joined where defendant's evidence demonstrated that McKesson did not distribute the subject product to plaintiff's doctor; denying motion to remand).

Despite that like *Tucker*, *Aronis*, and *Martinez*, the instant Defendant cites to evidence which indicates that McKesson did not *directly* supply the allegedly offending product, this case is easily distinguished on its facts. Unlike the three exemplar cases, Bayer does not foreclose the possibility that McKesson distributed Plaintiff's Mirena. In support of its argument, Defendant Bayer relies entirely on Harrop's declaration to show no distribution link exists between McKesson and Plaintiff's Mirena. But Harrop's declaration states that McKesson's sole purchasers for Mirena are facilities operated by the federal government, including the Public Health Service. *See* Harrop Decl., ECF No. 1-7 ¶ 2. It is undisputed that Plaintiff had a Mirena placed by her doctor at the Family HealthCare Network. *See* ECF No. 1-8 ¶ 2. Here, unlike the plaintiffs in *Tucker, Aronis, and Martinez,* Plaintiff Aguilar argues that because her care facility is a Federally Qualified Health Center which falls within the purview of the Public Health Service Act, there is evidence to support that McKesson may have distributed her Mirena to a Public Health Service intermediary which, in turn, distributed it to the Family HealthCare Network. In other words, there is evidence that it is at least possible that McKesson remains in the chain of distribution. *See* ECF No. 9:5-10. This potential link is absent from *Tucker, Aronis, and Martinez*.

Thus, unlike those cases, Plaintiff demonstrates more than mere speculation on which to base her "information and belief" that McKesson was in the relevant distribution stream. In sum, the Court finds that Defendant's evidence does not establish conclusively that McKesson was not upstream in the supply channel in relation to Plaintiff's Mirena. For the purposes of a fraudulent joinder determination, this factual dispute must be resolved in Plaintiff's favor. *Nasrawi*, 776 F.

5

Supp. 2d at 1169-70 (citing *Kruso*, 872 F.2d at 1426).

The fraudulent joinder standard "is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is any possibility that they may do so." *Cont'l Ins. Co. v. Foss Maritime Co.*, Case No. C02-3936 MJJ, 2002 WL 31414315, at *6 (N.D. Cal. Oct. 23, 2002); *see also Hung Duong v. ITT Educ. Servs., Inc.*, No. 1:14-CV-01257-AWI-SA, 2014 WL 4634998, at *7 (E.D. Cal. Sept. 10, 2014) (collecting cases).

Here, that possibility remains. Vertical distributors can be held liable for defective products under California law. *See, e.g.*, *Zachman v. Johnson & Johnson*, No. 15-CV-04285-RS, 2015 WL 7717190, at *4 (N.D. Cal. Nov. 30, 2015) (citing *Bailey v. Safeway, Inc.*, 199 Cal. App. 4th 206, 2013 (2011) ("The doctrine of strict products liability imposes fault on all participants in the chain of distribution of a defective product."); *Bostick v. Flex Equip. Co., Inc.*, 147 Cal. App. 4th 80, 88 (2007); *Jimenez v. Superior Court*, 29 Cal. 4th 473, 477–78 (2002); *Edwards v. A.L. Lease & Co.*, 46 Cal. App. 4th 1029, 1033 (1996); *Anderson v. Owens-Corning Fiberglas Corp.*, 53 Cal. 3d 987, 994 (1991)); *see also Great W. Cas. Co. v. Navistar, Inc.*, No. 2:14-CV-01940-KJM, 2015 WL 5103678, at *3 (E.D. Cal. Aug. 31, 2015). Therefore, "it is not obvious that [Plaintiff's] strict liability claim against McKesson is meritless." *Id.*

The Court finds that Plaintiff's allegation based upon "information and belief[2]" that McKesson distributed her Mirena is sufficient to survive Bayer's opposition to remand based on fraudulent joinder. *See, e.g., Hatherley v. Pfizer, Inc.*, No. CIV. 2:13-00719 WBS, 2013 WL 3354458, at *7 (E.D. Cal. July 3, 2013) (citing *Rivera v. AstraZeneca Pharmaceuticals LP,* CV 12–02921 GAF JEMX, 2012 WL 2031348, at *5 (C.D. Cal. June 5, 2012) (finding similar allegations sufficient to defeat a finding of fraudulent joinder of a distributor defendant) (collecting cases); *see also Zachman*, 2015 WL 7717190, at *4 (finding it not "obvious" that plaintiff's strict liability claim against McKesson was meritless, thus finding no fraudulent joinder, and granting remand

---

[2] Under California law, a "'[p]laintiff may allege on information and belief any matters that are not within his personal knowledge, if he has information leading him to believe that the allegations are true.'" *Doe v. City of Los Angeles,* 42 Cal. 4th 531, 550 (2007) (quoting *Pridonoff v. Balokovich,* 36 Cal. 2d 788, 792 (1951)). "When a plaintiff lacks knowledge and the means of obtaining knowledge of facts material to his or her cause of action because the matters are peculiarly within the knowledge of the adverse party, and the pleader can learn of them only from statements of others, the pleader may plead what he or she believes to be true as a result of information (hearsay) the pleader has received." *Dey v. Cont'l Cent. Credit,* 170 Cal. App. 4th 721, 725 n. 1 (2008) (internal quotations and citations omitted).

based on the lack of complete diversity). For these reasons, Defendant Bayer fails to meet its heavy burden of establishing fraudulent joinder.

## CONCLUSION

Because it is undisputed that McKesson's principal place of business is in California and Plaintiff is a citizen of California, pursuant to 28 U.S.C. § 1332(a)(1), the Court finds that the parties lack complete diversity. The Court concludes that McKesson's California citizenship defeats removal under 28 U.S.C. § 1441(b)(2). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 9) is **GRANTED**. Therefore, this case is **HEREBY REMANDED** to the Superior Court of California for the County of Tulare.

Finally, the Clerk of Court is **DIRECTED** to **CLOSE** the case.

IT IS SO ORDERED.

Dated:   **May 6, 2016**                    /s/ Lawrence J. O'Neill
                                            UNITED STATES CHIEF DISTRICT JUDGE